Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000363
06-JUL-2021
07:46 AM
Dkt. 28 SO

NO. CAAP-20-0000363

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI‘I

RICHARD ELINE, Petitioner-Appellant,
v.
STATE OF HAWAI‘I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO.  1PR191000008 (CR. NOS. 1PC121001492 and
1PC151001201))

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Petitioner-Appellant Richard Eline (**Eline**), self-represented, appeals from the Order Denying Richard Eline's Petition for Post-Conviction Relief, entered April 21, 2020, in the Circuit Court of the First Circuit,[1] which denied his Hawai‘i Rules of Penal Procedure Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Prisoner from Custody (**Petition**).

Eline's two-page Opening Brief seeks reversal of "all [his] current and past convictions," arguing that he "was wrongly convicted of his alleged crime" by a Circuit Court which "insists upon using crime control"[2] and "does not even recognize the U.S.

---

[1]    The Honorable Todd W. Eddins presided.

[2]    Eline fails to explain what he means by "crime control."

Constitution," and that this court can grant his remedy "since [it] allow[s] judges, clerks and court officials to do as they please." He further argues that, "since [the court] do[es] not recognize the U.S. Constitution, every single case since statehood is illegal, unconstitutional, and null and void."

Eline's Opening Brief contains no case citations, statement of the case, record references, statement of the points of error, or argument, as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28. Indeed, Eline's brief fails to comply with the entirety of HRAP Rule 28, with the exception of section (b)(9), which requires "a conclusion, specifying with particularity the relief sought." HRAP Rule 28(b)(9).

Failure to comply with HRAP Rule 28 is sufficient to deny relief. HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded . . . ."); HRAP Rule 28(b)(7) ("Points not argued may be deemed waived."). In Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 262, 172 P.3d 983, 1006 (2007), the Hawai'i Supreme Court disregarded points of error due to noncompliance with HRAP Rule 28(b)(4)(ii) and (iii) and (b)(4)(C), holding that appellants "are required to do more than assert bald points of error," and that "cursory treatment of the points of appeal cannot reasonably be considered compliant with HRAP Rule 28(b)(4)." (footnote omitted). Similarly, in Nuuanu Valley Association v. City and County of Honolulu, 119 Hawai'i 90, 93 n.2 194 P.3d 531, 534 n.2 (2008), the supreme court declined to consider the appellee's argument due to noncompliance with HRAP Rule 28(b)(3) and (b)(7). We find Eline's Opening Brief to be patently less compliant with HRAP Rule 28 than the examples in Omerod and Nuuanu Valley Association.

Notwithstanding the above, we note that it is the policy of the appellate court to provide self-represented litigants an opportunity to have their cases heard on the merits

despite inartful pleading.  Waltrip v. TS Enterprises, Inc., 140 Hawaiʻi 226, 239, 398 P.3d 815, 828 (2016); O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994) (citations omitted).  However, this policy is premised on the assumption that it is possible to ascertain a reasonable, liberal construction of the defective pleading.  See Waltrip, 140 Hawaiʻi at 239, 398 P.3d at 828; O'Connor, 77 Hawaiʻi at 386, 885 P.2d at 364.  While Eline seeks reversal of "all current and past convictions," on the basis that he was "wrongly convicted," he fails to explain what conviction(s) he refers to, where the remedy was sought in the Petition, how the Circuit Court erred, what is the meritorious basis for reversal, or why he is entitled to the form of relief he seeks.  Given the insufficiency of relevant facts and argument presented to this court, we are unable to ascertain a reasonable, liberal construction of the basis for his appeal.  We thus decline to address his arguments.[3]

Therefore, IT IS HEREBY ORDERED that the Order Denying Richard Eline's Petition for Post-Conviction Relief entered April 21, 2020, in the Circuit Court of the First Circuit, is hereby affirmed.

DATED:  Honolulu, Hawaiʻi, July 6, 2021.

On the briefs:

Richard Eline
Petitioner-Appellant

Lisa M. Itomura
Deputy Attorney General
for Respondent-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[3]     Even if we attempted to ascertain a reasonable, liberal construction of Eline's ambiguous argument that the Circuit Court "insists upon using crime control" and "does not . . . recognize the U.S. Constitution," he failed to raise the arguments before the Circuit Court in his Petition; therefore, they are waived.  See State v. Fagaragan, 115 Hawaiʻi 364, 367, 167 P.3d 739, 742 (2007).